**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 3, 2011

Lyle W. Cayce
Clerk

No. 10-40924
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAMIRO HUERTA-ORTEGA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:09-CR-1638-1

Before SMITH, GARZA, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Ramiro Huerta-Ortega was convicted of illegal reentry into the United States following previous deportation and conspiracy to possess with intent to distribute more than five kilograms of cocaine and more than 500 grams of methamphetamine. Huerta-Ortega was sentenced to a total of 324 months of imprisonment and to a five-year term of supervised release. Huerta-Ortega contends that there was insufficient evidence to support his conspiracy conviction. Specifically, he contends that the Government failed to show that he

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"knew of the charged conspiracy, that he intended to participate in the conspiracy, and that he voluntarily participated in a conspiracy."

Raul Cruz, the leader of the drug organization, testified that Huerta-Ortega was his "right-hand man" and was involved in the loading of the narcotics onto the trucks, recruiting brokers for the cover loads, and dispersing payroll to other employees of the organization. San Juanita De La Rosa confirmed that Huerta-Ortega recruited her as a broker for cover loads and would sometimes pay her the $4,000 brokering fee. Other coconspirators testified that it was Huerta-Ortega who removed the locking devices from the trucks to avoid compromising the government seal. There is nothing inherently incredible or insubstantial about the testimony of the coconspirators linking Huerta-Ortega to the conspiracy. *See United States v. Silva*, 748 F.2d 262, 265-66 (5th Cir. 1984). When viewed in the light most favorable to the jury's verdict, the evidence is sufficient to uphold Huerta-Ortega's conviction on the conspiracy count. *See United States v. Valdez*, 453 F.3d 252, 256-57 (5th Cir. 2006)*; United States v. Mendoza,* 226 F.3d 340, 343 (5th Cir. 2000).

Huerta-Ortega also contends that the district court clearly erred by: (1) increasing his offense level two levels, pursuant to U.S.S.G. § 3B1.1(c), for having an aggravating role in the offense; and (2) denying his request to reduce his offense level, pursuant to U.S.S.G. § 3B1.2, for having a mitigating role in the offense. Evidence adduced at trial indicated that Huerta-Ortega recruited and directed the illegal activity of accomplices and that he otherwise "exercised management responsibility over the property, assets, or activities of a criminal organization." § 3B1.1 cmt. n.2 (Nov. 2009); *see, e.g., United States v. Turner*, 319 F.3d 716, 725 (5th Cir. 2003). Thus, neither the district court's decision to add two offense levels nor its decision to deny Huerta-Ortega's request to reduce his offense level for a mitigating role was clearly erroneous. *See United States v. Rose*, 449 F.3d 627, 633 (5th Cir. 2006). Accordingly, the judgment of the district court is AFFIRMED.